# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### Austin Division

MEDIA CHAIN, LLC,

      Plaintiff,

v.

ROKU, INC.,

      Defendant.

Case No. 1:21-cv-00027

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Media Chain, LLC ("Media Chain" or "Plaintiff"), sues Roku, Inc. ("Roku" or "Defendant"), for patent infringement, and alleges:

## NATURE OF THE ACTION

1.      Media Chain owns United States Patent Nos. 9,715,581 B1 (the '581 Patent"), 9,898,590 B2 (the "'590 Patent"), 10,489,560 B2 (the "'560 Patent"), 10,515,191 B2 (the "'191 Patent"), 10,860,691 B2 (the "'691 Patent"), and 10,885,154 B2 (the "'154 Patent") (the '581 Patent, '590 Patent, '560 Patent, '191 Patent, '691 Patent, and '154 Patent, together the "Patents") by assignment. *See* Composite Exhibit A.

2.      The Abstract of the Patents state:

> Systems and methods for monetizing the reproduction of digital media content for the rights-holders of the digital media content. Embodiments of the present disclosure relate to determining whether a user of a media content item has a license to reproduce the media content item. In one embodiment, the media content item may be reproduced when the user is licensed. The user is prompted to select to acquire a license to reproduce the media content item or to decline the license to reproduce the media content item when the user is not licensed. Further embodiments determine whether a user may receive a license when the user wishes to acquire a license. In an embodiment, the user is declined a license when not approved for the license.

3.      Media Chain was formed in 2018 by Christopher A. Estes to own and commercialize the Patents, issued on his inventions.

4.      Through this Complaint, Media Chain alleges direct patent infringement, in violation of 35 U.S.C. § 271, against Roku, as set forth below in Counts I-VI.

## PARTIES

5.      Media Chain is a Delaware limited liability company, and maintains its principal place of business in Miami-Dade County, Florida.

6.      Roku is a Delaware corporation, and maintains a corporate headquarters at 1155 Coleman Ave., San Jose, California 95110.

7.      Roku also maintains and operates out of several other offices located across the United States, including an office located at 9606 N. Mopac Expressway, Suite 400, Austin, Texas 78759 (Roku's "Austin Office").

8.      Upon information and belief, the Austin Office is a physical place of business in this district that is owned or leased by Roku, and over 100 Roku employees work out of the Austin Office.

9.      Roku has been registered as a foreign for-profit corporation with the Texas Secretary of State since 2014.

## JURISDICTION AND VENUE

10.      Pursuant to 28 U.S.C. §1338(a), this Court has original jurisdiction over the subject matter of this action because this is an action arising under the patent laws of the United States, including 35 U.S.C. § 1 *et. seq.*

11.     This Court has personal jurisdiction over Roku because Roku is engaged in substantial and not isolated activities within Texas, and it has continuous and systematic contacts with Texas.

12.     Roku committed at least one of the acts of infringement alleged herein in Texas, and this judicial district.

13.     Pursuant to 28 U.S.C. §1400(b), venue is proper in the Western District of Texas, Austin Division, because it is where Roku has committed acts of infringement and has a regular and established place of business.

## GENERAL ALLEGATIONS

14.     The inventions claimed by the Patents represent a significant advance over the prior art.

15.     By reviewing publically available information including, but not limited to, the articles, websites, and other materials or relevant portions thereof attached hereto as Composite Exhibit B, Media Chain learned that Roku infringed at least: claim 1 of the '581 Patent; claim 1 of the '590 Patent; claim 1 of the '560 Patent; claim 1 of the '191 Patent; claim 1 of the '691 Patent; and claim 1 of the '154 Patent through its products and services.

16.     Media Chain has prepared preliminary claim charts ("Preliminary Claim Charts"), which are attached hereto as Composite Exhibit C, and are incorporated by reference herein.

17.     The Preliminary Claim Charts allege and explain how Roku performs each and every step of one or more claims of the Patents.

18.     To the extent that Media Chain is considered not to perform any of the claimed method steps itself, Roku directs or controls another to perform such steps.

19.     To the extent that any of the claimed method steps are considered to be performed by another entity, upon information and belief, Roku has contracted with such entity to perform such steps pursuant to an agreement, and Roku conditions payment to such entity upon such entity's performance of such steps.

20.     All conditions precedent to bringing this action have occurred or been waived.

21.     Media Chain has retained counsel to represent it in this matter and is obligated to pay its counsel a reasonable fee for its services.

## COUNT I: DIRECT INFRINGEMENT OF THE '581 PATENT

22.     The allegations contained in paragraphs 1 – 21 above are hereby re-alleged as if fully set forth herein.

23.     As set forth in Exhibit C, in violation of 35 U.S.C. § 271, and in connection with its products and services in the United Sates, Roku infringed the '581 Patent either literally or under the doctrine of equivalents by performing each and every step set forth in at least claim 1 of the '581 Patent.

24.     Media Chain has been damaged by Roku's infringement.

**WHEREFORE**, Media Chain respectfully requests the Court enter a judgment:

A.     Finding that Defendant infringed the '581 Patent;

B.     Awarding Media Chain the greater of (a) damages adequate to compensate for the patent infringement that has occurred plus any enhancement of these damages the Court deems just under 35 U.S.C. § 284, or (b) a reasonable royalty;

C.     Awarding Media Chain pre-judgment interest and costs;

D.     Enjoining Roku and its agents, servants, employees, attorneys, and all other persons acting in concert or in participation with Roku from infringing the '581 Patent; and

E.      Awarding Media Chain all such other and further relief as the Court deems just and proper.

## COUNT II: DIRECT INFRINGEMENT OF THE '590 PATENT

25.      The allegations contained in paragraphs 1 – 21 above are hereby re-alleged as if fully set forth herein.

26.      As set forth on Exhibit C, in violation of 35 U.S.C. § 271, and in connection with its Roku products and services in the United Sates, Roku infringed the '590 Patent either literally or under the doctrine of equivalents by performing each and every step set forth in at least claim 1 of the '590 Patent.

27.      Media Chain has been damaged by Roku's infringement.

**WHEREFORE**, Media Chain respectfully requests the Court enter a judgment:

A.      Finding that Roku infringed the '590 Patent;

B.      Awarding Media Chain the greater of (a) damages adequate to compensate for the patent infringement that has occurred plus any enhancement of these damages the Court deems just under 35 U.S.C. § 284, or (b) a reasonable royalty;

C.      Awarding Media Chain pre-judgment interest and costs;

D.      Enjoining Roku and its agents, servants, employees, attorneys, and all other persons acting in concert or in participation with Roku from infringing the '590 Patent; and

E.      Awarding Media Chain all such other and further relief as the Court deems just and proper.

## COUNT III: DIRECT INFRINGEMENT OF THE '560 PATENT

28.      The allegations contained in paragraphs 1 – 21 above are hereby re-alleged as if fully set forth herein.

29.     As set forth on Exhibit C, in violation of 35 U.S.C. § 271, and in connection with its Roku products and services in the United Sates in the United Sates, Roku infringed the '560 Patent either literally or under the doctrine of equivalents by performing each and every step set forth in at least claims 1  of the '560 Patent.

30.     Media Chain has been damaged by Roku's infringement.

**WHEREFORE**, Media Chain respectfully requests the Court enter a judgment:

A.      Finding that Roku infringed the '560 Patent;

B.      Awarding Media Chain the greater of (a) damages adequate to compensate for the patent infringement that has occurred plus any enhancement of these damages the Court deems just under 35 U.S.C. § 284, or (b) a reasonable royalty;

C.      Awarding Media Chain pre-judgment interest and costs;

D.      Enjoining Roku and its agents, servants, employees, attorneys, and all other persons acting in concert or in participation with Roku from infringing the '560 Patent; and

E.      Awarding Media Chain all such other and further relief as the Court deems just and proper.

## COUNT IV: DIRECT INFRINGEMENT OF THE '191 PATENT

31.     The allegations contained in paragraphs 1 – 21 above are hereby re-alleged as if fully set forth herein.

32.     As set forth on Exhibit C, in violation of 35 U.S.C. § 271, and in connection with its Roku products and services in the United Sates, Roku infringed the '191 Patent either literally or under the doctrine of equivalents by performing each and every step set forth in at least claim 1 of the '191 Patent.

33.     Media Chain has been damaged by Roku's infringement.

**WHEREFORE**, Media Chain respectfully requests the Court enter a judgment:

A.     Finding that Roku infringed the '191 Patent;

B.     Awarding Media Chain the greater of (a) damages adequate to compensate for the patent infringement that has occurred plus any enhancement of these damages the Court deems just under 35 U.S.C. § 284, or (b) a reasonable royalty;

C.     Awarding Media Chain pre-judgment interest and costs;

D.     Enjoining Roku and its agents, servants, employees, attorneys, and all other persons acting in concert or in participation with Roku from infringing the '191 Patent; and

E.     Awarding Media Chain all such other and further relief as the Court deems just and proper.

## COUNT V: DIRECT INFRINGEMENT OF THE '691 PATENT

34.     The allegations contained in paragraphs 1 – 21 above are hereby re-alleged as if fully set forth herein.

35.     As set forth on Exhibit C, in violation of 35 U.S.C. § 271, and in connection with its Roku products and services in the United Sates, Roku infringed the '691 Patent either literally or under the doctrine of equivalents by performing each and every step set forth in at least claims 1 of the '691 Patent.

36.     Media Chain has been damaged by Roku's infringement.

**WHEREFORE**, Media Chain respectfully requests the Court enter a judgment:

A.     Finding that Roku infringed the '691 Patent;

B.     Awarding Media Chain the greater of (a) damages adequate to compensate for the patent infringement that has occurred plus any enhancement of these damages the Court deems just under 35 U.S.C. § 284, or (b) a reasonable royalty;

C.      Awarding Media Chain pre-judgment interest and costs;

D.      Enjoining Roku and its agents, servants, employees, attorneys, and all other persons acting in concert or in participation with Roku from infringing the '691 Patent; and

E.      Awarding Media Chain all such other and further relief as the Court deems just and proper.

## COUNT VI: DIRECT INFRINGEMENT OF THE '154 PATENT

37.     The allegations contained in paragraphs 1 – 21 above are hereby re-alleged as if fully set forth herein.

38.     As set forth on Exhibit C, in violation of 35 U.S.C. § 271, and in connection with its Roku products and services in the United Sates, Roku infringed the '154 Patent either literally or under the doctrine of equivalents by performing each and every step set forth in at least claim 1 of the '154 Patent.

39.     Media Chain has been damaged by Roku's infringement.

**WHEREFORE**, Media Chain respectfully requests the Court enter a judgment:

A.      Finding that Roku infringed the '154 Patent;

B.      Awarding Media Chain the greater of (a) damages adequate to compensate for the patent infringement that has occurred plus any enhancement of these damages the Court deems just under 35 U.S.C. § 284, or (b) a reasonable royalty;

C.      Awarding Media Chain pre-judgment interest and costs;

D.      Enjoining Roku and its agents, servants, employees, attorneys, and all other persons acting in concert or in participation with Roku from infringing the '154 Patent; and

E.      Awarding Media Chain all such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: January 8, 2021.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**
**Business Trial Group**

*/s/ David Tamaroff*
David F. Tamaroff (Fla. Bar No. 92084)
703 Waterford Way, Suite 1050
Miami, Florida 33126
Tel: (305) 929-1900
Fax: (305) 929-1941
dtamaroff@forthepeople.com
*Counsel for Plaintiff, Media Chain, LLC*