**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MEDIA CHAIN, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:21-cv-00027 |
| | § | |
| **ROKU, INC.,** | § | DEMAND FOR JURY TRIAL |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Roku, Inc. ("Roku" or "Defendant"), by and through its undersigned counsel, hereby responds to the allegations set forth in Plaintiff Media Chain, LLC's ("Media Chain" or "Plaintiff") Complaint for Patent Infringement ("Complaint"). Roku denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts and not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Roku further denies that Plaintiff is entitled to the relief requested or any other relief. At this early stage of the case, investigation remains ongoing, and no claim terms have been construed. Roku has no obligation to respond to infringement allegations that incorporate conclusions of law on claim construction. Each allegation that includes or paraphrases claim language is also denied because Roku lacks sufficient knowledge or information about how the Court will rule on claim construction, and therefore cannot form a belief regarding such allegations, and denies on that basis.

**THE NATURE OF THE ACTION**

1.     Roku lacks sufficient knowledge or information to form a belief as to the truth of

the allegations in paragraph 1, as to whether Plaintiff owns United States Patent Nos. 9,715,581 B1 (the "'581 Patent"), 9,898,590 B2 (the "'590 Patent"), 10,489,560 B2 (the "'560 Patent"), 10,515,191 B2 (the "'191 Patent"), 10,860,691 B2 (the "'691 Patent"), and 10,885,154 B2 (the "'154 Patent") (collectively, the "Patents-in-Suit") by assignment, and on that basis, denies all such allegations.

2.      Roku admits that, according to the face of the patents, the Abstracts contain the language stated in paragraph 2.

3.      Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 and, on that basis, denies all such allegations.

4.      Roku admits that Plaintiff's Complaint purports to state claims for patent infringement under the patent laws of the United States, Title 35 of the United States Code, but denies that it has committed, contributed to, or induced any past or ongoing acts of patent infringement.

## PARTIES

5.      Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and, on that basis, denies all such allegations.

6.      Roku admits that Roku, Inc. is a Delaware corporation and maintains its corporate headquarters at 1155 Coleman Ave., San Jose, California 95110.

7.      Roku admits to maintaining offices across the United States and to having an office located at 9606 N. Mopac Expressway, Suite 400, Austin, Texas 78759.

8.      Roku admits that it has a place of business at 9606 N. Mopac Expressway, Suite 400, Austin, Texas 78759 in the Western District of Texas, and employs over 100 individuals at its Austin office.  Roku denies that the Western District of Texas is the district most convenient to

hear this case.

9.    Roku admits that it has been registered as a foreign for-profit corporation with the Texas Secretary of State since 2014.

## JURISDICTION AND VENUE

10.    Roku admits that the Complaint purports to initiate an action for patent infringement arising under the patent laws of the United States, contained in Title 35 of the United States Code.  Roku admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) over actions arising under the patent laws of the United States.  Roku denies it has committed any act that would give rise to any claim in the Complaint.

11.    This paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Roku does not contest that this Court has personal jurisdiction over it for purposes of this action only.  Except as expressly admitted, Roku denies the remaining allegations in paragraph 11.

12.    Roku denies that it has committed, contributed to, or induced any past or ongoing acts of patent infringement.

13.    This paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Roku admits that Plaintiff purports to base venue in this district under 28 U.S.C. § 1400(b) and otherwise denies the remaining allegations in paragraph 13 of the Complaint.  Roku further denies that the Western District of Texas is the district most convenient to hear this case.

## GENERAL ALLEGATIONS

14.    Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and, on that basis, denies all such allegations.

15.     Roku denies that it has committed, contributed to, or induced any past or ongoing acts of patent infringement.

16.     Roku admits that Exhibit C purports to be preliminary claim charts but denies it has infringed any of the claims.  Except as expressly admitted, Roku denies the remaining allegations in paragraph 16.

17.     Roku admits that Exhibit C purports to be preliminary claim charts but denies it has infringed any of the claims.  Except as expressly admitted, Roku denies the remaining allegations in paragraph 17.

18.     Roku denies the allegations in paragraph 18.

19.     Roku denies the allegations in paragraph 19.

20.     Roku lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 and, on that basis, denies all such allegations.

21.     Roku admits that Plaintiff has appeared to retain counsel in this matter.  Except as expressly admitted, Roku denies the remaining allegations in paragraph 21.

## COUNT I: [ALLEGED] DIRECT INFRINGEMENT OF THE '581 PATENT

22.     Roku repeats and incorporates by reference its responses to the allegations of paragraphs 1-21 of the Complaint.

23.     Roku denies the allegations in paragraph 23.

24.     Roku denies the allegations in paragraph 24.  Roku further denies that Plaintiff is entitled to any of the relief requested in paragraphs (A)–(E) or any other relief of any kind.

## COUNT II: [ALLEGED] DIRECT INFRINGEMENT OF THE '590 PATENT

25.     Roku repeats and incorporates by reference its responses to the allegations of paragraphs 1-21 of the Complaint.

26.    Roku denies the allegations in paragraph 26.

27.    Roku denies the allegations in paragraph 27.  Roku further denies that Plaintiff is entitled to any of the relief requested in paragraphs (A)–(E) or any other relief of any kind.

### COUNT III: [ALLEGED] DIRECT INFRINGEMENT OF THE '560 PATENT

28.    Roku repeats and incorporates by reference its responses to the allegations of paragraphs 1-21 of the Complaint.

29.    Roku denies the allegations in paragraph 29.

30.    Roku denies the allegations in paragraph 30.  Roku further denies that Plaintiff is entitled to any of the relief requested in paragraphs (A)–(E) or any other relief of any kind.

### COUNT IV: [ALLEGED] DIRECT INFRINGEMENT OF THE '191 PATENT

31.    Roku repeats and incorporates by reference its responses to the allegations of paragraphs 1-21 of the Complaint.

32.    Roku denies the allegations in paragraph 32.

33.    Roku denies the allegations in paragraph 33.  Roku further denies that Plaintiff is entitled to any of the relief requested in paragraphs (A)–(E) or any other relief of any kind.

### COUNT V: [ALLEGED] DIRECT INFRINGEMENT OF THE '691 PATENT

34.    Roku repeats and incorporates by reference its responses to the allegations of paragraphs 1-21 of the Complaint.

35.    Roku denies the allegations in paragraph 35.

36.    Roku denies the allegations in paragraph 36.  Roku further denies that Plaintiff is entitled to any of the relief requested in paragraphs (A)–(E) or any other relief of any kind.

### COUNT VI: [ALLEGED] DIRECT INFRINGEMENT OF THE '154 PATENT

37.    Roku repeats and incorporates by reference its responses to the allegations of

paragraphs 1-21 of the Complaint.

38.     Roku denies the allegations in paragraph 38.

39.     Roku denies the allegations in paragraph 39.  Roku further denies that Plaintiff is entitled to any of the relief requested in paragraphs (A)–(E) or any other relief of any kind.

## JURY DEMAND

No response is necessary to Plaintiff's request for trial by jury; however, to the extent that a response is necessary, Roku admits that the Complaint sets forth a request for trial by jury.

## ROKU'S DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

Subject to its responses above, and upon information and belief, Roku alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, subject to the responses above, Roku specifically reserves all rights to allege additional defenses pursuant to any scheduling order that become known through the course of discovery or otherwise.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff has failed to plead its claims of direct patent infringement with sufficient specificity or factual support to place Roku on notice of the claims Plaintiff is asserting against it, such that Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE – NON-INFRINGEMENT

Roku does not infringe and has not infringed, either literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any valid and enforceable claim of any of the Patents-in-Suit, willfully or otherwise.

## THIRD DEFENSE – INVALIDITY

One or more claims of the Patents-in-Suit are invalid for failure to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112; the applicable provisions of Title 37 of the Code of Federal Regulations; and judicially created bases for invalidation, such as double patenting.

One or more claims of the Patents-in-Suit are invalid under 35 U.S.C. § 101 because they claim non-statutory subject matter and/or are directed to abstract ideas and fail to recite an inventive concept that could transform the unpatentable abstract ideas to which they are directed.

One or more claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 102 and 103 because one or more prior art references, including those references listed on the face of the Patents-in-Suit, either alone or in combination, disclose one or more claims of the Patents-in-Suit and/or the alleged invention(s) claimed therein that would have been obvious to one having ordinary skill in the art in view of the prior art, including but not limited to the prior art listed on the face of the Patents-in-Suit.  Additional prior art that invalidates the asserted claims will be set forth in Roku's invalidity contentions, amendments, and proposed amendments thereto.

One or more claims of the Patents-in-Suit are invalid under 35 U.S.C. § 112 because they lack an adequate written description, are not enabled, and/or are indefinite.

## FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

To the extent that Plaintiff alleges infringement under the doctrine of equivalents, Plaintiff's alleged claim is barred, including, without limitation, by way of example, under the doctrine of prosecution history estoppel, disclaimer, disavowal, claim vitiation, and/or recapture. By virtue of statements made, amendments made, and/or positions taken during the prosecution of the applications for the Patents-in-Suit, Plaintiff is estopped from asserting that the Patents-in-Suit

cover or include any of Roku's products.

### FIFTH DEFENSE – EQUITABLE DEFENSES

Plaintiff's claims for relief, in whole or in part, are barred by the equitable doctrines of laches, prosecution laches, waiver, equitable estoppel, disclaimer, acquiescence, patent misuse, and/or unclean hands.

### SIXTH DEFENSE – 35 U.S.C. § 286
### STATUTE OF LIMITATIONS ON DAMAGES

Plaintiff's recovery for any infringement of the Patents-in-Suit that it might establish is limited to any established infringement occurring no more than six years prior to the filing of this lawsuit, pursuant to 35 U.S.C. § 286.

### SEVENTH DEFENSE – 35 U.S.C. § 287

Plaintiff's recovery for alleged infringement of the Patents-in-Suit, if any, is limited to alleged infringement committed after Plaintiff provided actual or constructive notice of infringement under 35 U.S.C. § 287. Plaintiff has failed to comply with the requirements of 35 U.S.C. § 287 and failed to mark its allegedly patented products or provide notice of patenting.

### EIGHTH DEFENSE – NO EXCEPTIONAL CASE

Plaintiff fails to state a claim for relief against Roku for an exceptional case under 35 U.S.C. § 285.

### NINTH DEFENSE – NO COSTS

Plaintiff is barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

### TENTH DEFENSE – ENSNAREMENT

Plaintiff cannot assert the claims of the Patents-in-Suit under the doctrine of equivalents because the asserted claim scope would encompass or ensnare the prior art.

### ELEVENTH DEFENSE – DEDICATION TO THE PUBLIC

Plaintiff cannot assert the claims of the Patents-in-Suit under the doctrine of equivalents because the asserted claim scope is dedicated to the public by the disclosure-dedication rule.

## ADDITIONAL DEFENSES

Roku reserves all defenses, including affirmative defenses, under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## ROKU'S COUNTERCLAIMS

Roku counterclaims against Plaintiff as follows:

## PARTIES

1.      Roku, Inc. is a Delaware corporation that maintains its corporate headquarters at 1155 Coleman Ave., San Jose, California 95110.

2.      Upon information and belief, Media Chain is a Delaware limited liability company and maintains its principal place of business at 3109 Grand Ave. Miami, Florida 33133.

## JURISDICTION AND VENUE

3.      These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et seq.*, and the Final Declaratory Judgment Act.  The Court therefore has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4.      The Court has personal jurisdiction over Plaintiff by virtue of Plaintiff's filing and pursuit of the Complaint in this District.

5.      These counterclaims arise under the patent laws of the United States.

6.      Roku maintains its right to seek a transfer of venue, including on *forum non conveniens* grounds or pursuant to 28 U.S.C. § 1404.  In the event of such transfer, Roku consents to the transfer of its counterclaims set forth herein to the transferee forum.  To the extent that this

action remains in this District, venue is appropriate for Roku's counterclaims because Plaintiff has consented to the propriety of this venue by filing its claims for patent infringement in this Court, in response to which these counterclaims are asserted.

**FIRST COUNTERCLAIM – DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NO. 9,715,581**

7.    Roku realleges and reincorporates by reference Paragraphs 1-6 of the Counterclaims as though set forth fully herein.

8.    Plaintiff has filed this action for patent infringement, alleging that Roku has infringed one or more claims of U.S. Patent No. 9,715,581 (the "'581 Patent"), and that this patent is valid.

9.    The '581 Patent covers a digital media production and licensing technique.  Claim 1, for example, recites: "after the evaluation of the license transaction, extracting from the license transaction user data that is specific to the user that is attempting to reproduce the media content item when the user acquires the license and when the user declines the license, wherein the user data includes demographic data associated with the user that enables a copyright owner of the media content item to gauge a demographic that acquired the license for the media content item of the copyright owner and a demographic that declined the license for is the media content item of the copyright owner; aggregating the user data into a statistics record for the license request when the user acquires the license and when the user declines the license, wherein the statistics record summarizes the user data associated with the license request; storing in the license database the statistics record so that the user data is accessible to the copyright owner of the media content item; and analyzing a plurality of statistics records aggregated from each license request for the media content item owned by the copyright owner to provide the copyright owner with the aggregated

user data from each license request of the media content item when the license is acquired by the user and when the license is declined by the user."

10.     Neither Roku nor its technology, including the Accused Products and Services, infringes the '581 Patent, either directly, indirectly, literally, or under the doctrine of equivalents for at least the following reasons.  For example, the Accused Roku Products and Services do not perform the claimed extracting step, the claimed aggregating step, the claimed storing step, and the claimed analyzing step.  The Accused Roku Products and Services, therefore, do not meet at least the aforementioned claim elements of claim 1 and similar claim limitations in the other claims of the '581 Patent.

11.     There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '581 Patent.

12.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## SECOND COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,898,590

13.     Roku realleges and reincorporates by reference Paragraphs 1-12 of the Counterclaims as though set forth fully herein.

14.     Plaintiff has filed this action for patent infringement, alleging that Roku has infringed one or more claims of U.S. Patent No. 9,898,590 (the "'590 Patent"), and that this patent is valid.

15.     The '590 Patent covers a digital media production and licensing technique.  Claim 1, for example, recites: "after the evaluation of the license transaction, extracting from the license transaction user data that is specific to the user that is attempting to reproduce the media content

item when the user acquires the license and when the user declines the license, wherein the user data includes demographic data associated with the user that enables a copyright owner of the media content item to gauge a demographic that acquired the license for the media content item of the copyright owner and a demographic that declined the license for the media content item of the copyright owner; aggregating the user data into a statistics record for the license request when the user acquires the license and when the user declines the license, wherein the statistics record summarizes the user data associated with the license request; storing in a license database the statistics record so that the user data is accessible to the copyright owner of the media content item; and analyzing a plurality of statistics records aggregated from each license request for the media content item owned by the copyright owner to provide the copyright owner with the aggregated user data from each license request of the media content item."

16.     Neither Roku nor its technology, including the Accused Products and Services, infringes the '590 Patent either directly, indirectly, literally, or under the doctrine of equivalents for at least the following reasons.  For example, the Accused Roku Products and Services do not perform the claimed extracting step, the claimed aggregating step, the claimed storing step, and the claimed analyzing step.  The Accused Roku Products and Services, therefore, do not meet at least the aforementioned claim elements of claim 1 and similar claim limitations in the other claims of the '590 Patent.

17.     There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '590 Patent.

18.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## THIRD COUNTERCLAIM – DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 10,489,560

19.     Roku realleges and reincorporates by reference Paragraphs 1-18 of the Counterclaims as though set forth fully herein.

20.     Plaintiff has filed this action for patent infringement, alleging that Roku has infringed one or more claims of U.S. Patent No. 10,489,560 (the "'560 Patent"), and that this patent is valid.

21.     The '560 Patent covers a digital media production and licensing technique.  Claim 1, for example, recites: "after the evaluation of the request to stream, extracting user data that is specific to the user that is attempting to stream the media content item when the user at least one of streams and declines to stream the media content item, wherein the user data includes demographic data associated with the user that enables a third party online retailer that is providing the media content item to be streamed by the user to gauge at least one of a demographic that streamed the media content item of a copyright owner and a demographic that declined to stream the media content item of the copyright owner and the user data includes each media content item that the user streamed and each media content item that the user declined to stream that enables the third party online retailer to target marketing of different media content items to the user based on the demographic of the user and based on a history of media content items that the user has streamed and media content items that the user has declined to stream to determine a trend of interest in media content items by the user and to thereby target the marketing of the different media content items to the user based on the determined trend of interest associated with the user; aggregating the user data into a statistics record for the request to stream the media content item when the user streams or declines to stream the media content item, wherein the statistics, record summarizes the user data associated with the request to steam the media content item; storing in a

license database the statistics record so that the user data is accessible to the third party online retailer that is providing the media content item to be streamed; and analyzing a plurality of statistics records aggregated from each request to stream the media content item as provided by the third party online retailer to be streamed to provide the third party online retailer with the aggregated user data from each request to stream the media content item."

22.     Neither Roku nor its technology, including the Accused Roku Products and Services, infringes the '560 Patent, either directly, indirectly, literally, or under the doctrine of equivalents for at least the following reasons.  For example, the Accused Roku Products and Services do not perform the claimed extracting step, the claimed aggregating step, the claimed storing step, and the claimed analyzing step.  The Accused Roku Products and Services, therefore, do not meet at least the aforementioned claim elements of claim 1 and similar claim limitations of the '560 Patent.

23.     There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '560 Patent.

24.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

**FOURTH COUNTERCLAIM – DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NO. 10,515,191**

25.     Roku realleges and reincorporates by reference Paragraphs 1-24 of the Counterclaims as though set forth fully herein.

26.     Plaintiff has filed this action for patent infringement, alleging that Roku has infringed one or more claims of U.S. Patent No. 10,515,191 (the "'191 Patent"), and that this patent is valid.

27.     The '191 Patent covers a digital media production and licensing technique.  Claim 1, for example, recites: "after the evaluation of the first request, extracting first user data specific to first user when the first user accepts the offer and acquires the license; after the evaluation of the second request, extracting second user data specific to the second user when the second user declines the offer to acquire the license; aggregating the extracted first and second user data into a statistics record, wherein the statistics record summarizes the first user data and second user data; storing in a license database the statistics record so that the summarized first and second user data is accessible to a third party; analyzing by the third party, the statistics record, to determine the target demographic based on a first demographic corresponding to the first user data and a second demographic corresponding to the second user data; and marketing, by the third party, the media content item to a plurality of other users corresponding to the determined target demographic."

28.     Neither Roku nor its technology, including the Accused Roku Products and Services, infringes the '191 Patent, either directly, indirectly, literally, or under the doctrine of equivalents for at least the following reasons.  For example, the Accused Roku Products and Services do not perform the claimed extracting first user data step, the claimed extracting second user data step, the claimed aggregating step, the claimed storing step, the claimed analyzing step, and the claimed marketing step.  The Accused Products, therefore, do not meet at least the aforementioned claim elements of claim 1 and similar claim limitations in the other claims of the '191 Patent. In addition, the claim requires a third party to perform the "analyzing" and "marketing" steps. Roku does not direct or control the alleged performance of these steps and is not alleged to be in a "joint enterprise" with the third party alleged to perform these steps.  Thus, there can be no infringement because Roku is not alleged to perform each step and there is no basis for a finding of joint infringement.

29.     There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '191 Patent.

30.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

**FIFTH COUNTERCLAIM – DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NO. 10,860,691**

31.     Roku realleges and reincorporates by reference Paragraphs 1-30 of the Counterclaims as though set forth fully herein.

32.     Plaintiff has filed this action for patent infringement, alleging that Roku has infringed one or more claims of U.S. Patent No. 10,860,691 (the "'691 Patent"), and that this patent is valid.

33.     The '691 Patent covers a digital media reproduction and licensing technique. Claim 1, for example, recites: "identifying the media content item by determining a media fingerprint that identifies a unique characteristic inherently present in the media content item captured during recorded creation of the media content item, and excluding information introduced to the media content item extraneous to the recorded creation; extracting first user data specific to the first user when the first user accepts to stream the media content item; extracting second user data specific to the second user when the second user declines to stream the media content item; aggregating the extracted first user data into a first statistics record and the extracted second user data into a second statistics record, wherein the first statistics record summarizes the first user data and the second statistics record summarizes the second user data; storing in a database the first statistics record and the second statistics record so that the summarized first user data and second user data is accessible to a third party online retailer; retrieving the first statistics record and the

second statistics record with the identity of the media content item determined by the media fingerprint; analyzing the retrieved first statistics record and the retrieved second statistics record to determine a target demographic of the media content item based on a first demographic corresponding to the first user data that accepted to stream the media content item and a second demographic corresponding to the second user data that declined to stream the media content item; and providing the third party online retailer the target demographic to market the media content item to a plurality of other users corresponding to the target demographic of the media content item."

34.     Neither Roku nor its technology, including the Accused Roku Products and Services, infringes the '691 Patent, either directly, indirectly, literally, or under the doctrine of equivalents for at least the following reasons.  For example, the Accused Roku Products and Services do not perform the claimed identifying step, the claimed extracting first user data step, the extracting second user step, the claimed aggregating step, the claimed storing step, the claimed retrieving step, the claimed analyzing step, and the claimed providing step.  The Accused Roku Products and Services, therefore, do not meet at least the aforementioned claim elements of claim 1 and similar claim limitations in the other claims of the '691 Patent.

35.     There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '691 Patent.

36.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

**SIXTH COUNTERCLAIM – DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NO. 10,885,154**

37.     Roku realleges and reincorporates by reference Paragraphs 1-36 of the Counterclaims as though set forth fully herein.

38.     Plaintiff has filed this action for patent infringement, alleging that Roku has infringed one or more claims of U.S. Patent No. 10,885,154 (the "'154 Patent"), and that this patent is valid.

39.     The '154 Patent covers a digital media reproduction and licensing technique. Claim 1, for example, recites: "the memory including instructions that, when executed by the processor cause the processor to: . . . identify the first media content item by determining a first media fingerprint that identifies a first unique characteristic inherently present in the first media content item captured during the recorded creation of first media content item, and excluding information introduced to the first media content item extraneous to the recorded creation; extract first user data specific to the user when the user accepts to stream the first media content item; generate a second request from the user to evaluate streaming a second media content item to the device; identify the second media content item by determining a second media fingerprint that identifies a second unique characteristic inherently present in the second media content item captured during the recorded creation of the second media content item and excluding information introduced to the second media content item extraneous to the recorded creation; extract second user data specific to the user when the user declines to stream the second media content item; aggregate the extracted first user data into a first statistics record and the extracted second user data into a second statistics record, wherein the first statistics record summarizes the first user data and the second statistics record summarizes the second user data; and transmit to a database the first and second statistics record with the identities of the first and second media content items determined by the first and second media fingerprints so that the summarized first and second user

data is accessible to a third party online retailer for retrieving the first and second statistics record with the identities of the first and second media content items determined by the first and second media fingerprints, analyzing the retrieved first and second statistics record to determine a target demographic of the first and second media content items based on a demographic corresponding to the first and second user data, and providing the third party online retainer the target demographic to market the media content item to a plurality of other users corresponding to the target demographic of the media content item."

40.     Neither Roku nor its technology, including the Accused Roku Products and Services, infringes the '154 Patent, either directly, indirectly, literally, or under the doctrine of equivalents for at least the following reasons.  For example, the Accused Roku Products and Services do not have a "memory including instructions that, when executed by the processor cause the processor to" perform the functions recited by the claims, including: the claimed "identify," "extract," "generate," "identify," "extract," "aggregate," and "transmit" functions.  The Accused Roku Products and Services, therefore, do not meet at least the aforementioned claim elements of claim 1 and similar claim limitations in the other claims of the '154 Patent.

41.     There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '154 Patent.

42.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## SEVENTH COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,715,581

43.     Roku realleges and reincorporates by reference Paragraphs 1-42 of the Counterclaims as though set forth fully herein.

44.     Plaintiff has filed this action for patent infringement, alleging that Roku has infringed one or more claims of the '581 Patent, and that this patent is valid.

45.     Some or all of the claims of the '581 Patent, however, are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

46.     The '581 Patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into patent-eligible invention.  For example, the claims are directed to the abstract idea of collecting information, and recite nothing more than conventional and commonly known components to carry out the abstract idea.

47.     In another example, the claims are anticipated and/or rendered obvious by the prior art.  The specification acknowledges that it was well-known in the art for art for "a media content item [] be streamed over a communication network from a cloud based storage system, a digital media streaming service (e.g., Pandora, Last.fm, Spotify, iTunes, iCloud, Netflix, and/or other such services)[.]" '581 Patent at 14:28-32.  Moreover, various methodologies for collecting information about user behavior were also well-known in the art, such as, e.g., U.S. Pat. Pub. 2015/0170175 (disclosing a method and system for identifying a cohort of users based on shopping behavior) and U.S. Pat. No. 7,222,106 (disclosing mechanisms for handling software license agreements, including accepting and declining license).  It would have at least been obvious to combine these technologies to render the claims of the '581 Patent invalid.

48.     In another example, the claims are invalid under 35 U.S.C. § 112 because they lack written description, are not enabled, and/or are not sufficiently definite.  For example, the specification does not reasonably convey to those skilled in the art that the inventor had possession of the following subject matter, and the specification does not describe the following so that those

skilled in the art can make and use the invention without undue experimentation: "after the evaluation of the license transaction, extracting from the license transaction user data that is specific to the user that is attempting to reproduce the media content item when the user acquires the license and when the user declines the license, wherein the user data includes demographic data associated with the user that enables a copyright owner of the media content item to gauge a demographic that acquired the license for the media content item of the copyright owner and a demographic that declined the license for is the media content item of the copyright owner."

49.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

50.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## EIGHTH COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,898,590

51.     Roku realleges and reincorporates by reference Paragraphs 1-50 of the Counterclaims as though set forth fully herein.

52.     Plaintiff has filed this action for patent infringement, alleging that Roku has infringed one or more claims of the '590 Patent, and that this patent is valid.

53.     Some or all of the claims of the '590 Patent, however, are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

54.     The '590 Patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into patent-eligible invention.  For example, the claims are directed to the

abstract idea of collecting information, and recite nothing more than conventional and commonly known components to carry out the abstract idea.

55.     In another example, the claims are anticipated and/or rendered obvious by the prior art.  The specification acknowledges that it was well-known in the art for art for "a media content item [] be streamed over a communication network from a cloud based storage system, a digital media streaming service (e.g., Pandora, Last.fm, Spotify, iTunes, iCloud, Netflix, and/or other such services)[.]" '590 Patent at 14:34-48.  Moreover, various methodologies for collecting information about user behavior were also well-known in the art, such as, e.g., U.S. Pat. Pub. 2015/0170175 (disclosing a method and system for identifying a cohort of users based on shopping behavior) and U.S. Pat. No. 7,222,106 (disclosing mechanisms for handling software license agreements, including accepting and declining license).  It would have at least been obvious to combine these technologies to render the claims of the '590 Patent invalid.

56.     In another example, the claims are invalid under 35 U.S.C. § 112 because they lack written description, are not enabled, and/or are not sufficiently definite.  For example, the specification does not reasonably convey to those skilled in the art that the inventor had possession of the following subject matter, and the specification does not describe the following so that those skilled in the art can make and use the invention without undue experimentation: "after the evaluation of the license transaction, extracting from the license transaction user data that is specific to the user that is attempting to reproduce the media content item when the user acquires the license and when the user declines the license, wherein the user data includes demographic data associated with the user that enables a copyright owner of the media content item to gauge a demographic that acquired the license for the media content item of the copyright owner and a demographic that declined the license for the media content item of the copyright owner."

57.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

58.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## NINTH COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,489,560

59.     Roku realleges and reincorporates by reference Paragraphs 1-58 of the Counterclaims as though set forth fully herein.

60.     Plaintiff has filed this action for patent infringement, alleging that Roku has infringed one or more claims of the '560 Patent, and that this patent is valid.

61.     Some or all of the claims of the '560 Patent, however, are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

62.     The '560 Patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into patent-eligible invention.  For example, the claims are directed to the abstract idea of collecting information, and recite nothing more than conventional and commonly known components to carry out the abstract idea.

63.     In another example, the claims are anticipated and/or rendered obvious by the prior art.  The specification acknowledges that it was well-known in the art for art for "a media content item [] be streamed over a communication network from a cloud based storage system, a digital media streaming service (e.g., Pandora, Last.fm, Spotify, iTunes, iCloud, Netflix, and/or other such services)[.]" '560 Patent at 14:41-45.  Moreover, various methodologies for collecting information about user behavior were also well-known in the art, such as, e.g., U.S. Pat. Pub.

2015/0170175 (disclosing a method and system for identifying a cohort of users based on shopping behavior) and U.S. Pat. No. 7,222,106 (disclosing mechanisms for handling software license agreements, including accepting and declining license).  It would have at least been obvious to combine these technologies to render the claims of the '560 Patent invalid.

64.     In another example, the claims are invalid under 35 U.S.C. § 112 because they lack written description, are not enabled, and/or are not sufficiently definite.  For example, the specification does not reasonably convey to those skilled in the art that the inventor had possession of the following subject matter, and the specification does not describe the following so that those skilled in the art can make and use the invention without undue experimentation: "to determine a trend of interest in media content items by the user and to thereby target the marketing of the different media content items to the user based on the determined trend of interest associated with the user."

65.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

66.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## TENTH COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,515,191

67.     Roku realleges and reincorporates by reference Paragraphs 1-66 of the Counterclaims as though set forth fully herein.

68.     Plaintiff has filed this action for patent infringement, alleging that Roku has infringed one or more claims of the '191 Patent, and that this patent is valid.

69.     Some or all of the claims of the '191 Patent, however, are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

70.     The '191 Patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into patent-eligible invention.  For example, the claims are directed to the abstract idea of collecting information, and recite nothing more than conventional and commonly known components to carry out the abstract idea.

71.     In another example, the claims are anticipated and/or rendered obvious by the prior art.  The specification acknowledges that it was well-known in the art for art for "a media content item [] be streamed over a communication network from a cloud based storage system, a digital media streaming service (e.g., Pandora, Last.fm, Spotify, iTunes, iCloud, Netflix, and/or other such services)[.]" '191 Patent at 14:41-45.  Moreover, various methodologies for collecting information for streaming services were also well-known in the art, such as, e.g., U.S. Pat. Pub. 2015/0170175 (disclosing a method and system for identifying a cohort of users based on shopping behavior) and U.S. Pat. No. 7,222,106 (disclosing mechanisms for handling software license agreements, including accepting and declining license).  It would have at least been obvious to combine these technologies to render the claims of the '191 Patent invalid.

72.     In another example, the claims are invalid under 35 U.S.C. § 112 because they lack written description, are not enabled, and/or are not sufficiently definite.  For example, the specification does not reasonably convey to those skilled in the art that the inventor had possession of the following subject matter, and the specification does not describe the following so that those skilled in the art can make and use the invention without undue experimentation: "wherein the statistics record summarizes the first user data and second user data; storing in a license database

the statistics record so that the summarized first and second user data is accessible to a third party; analyzing by the third party, the statistics record, to determine the target demographic based on a first demographic corresponding to the first user data and a second demographic corresponding to the second user data; and marketing, by the third party, the media content item to a plurality of other users corresponding to the determined target demographic."

73.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

74.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## ELEVENTH COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,860,691

75.     Roku realleges and reincorporates by reference Paragraphs 1-74 of the Counterclaims as though set forth fully herein.

76.     Plaintiff has filed this action for patent infringement, alleging that Roku has infringed one or more claims of the '691 Patent, and that this patent is valid.

77.     Some or all of the claims of the '691 Patent, however, are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

78.     The '691 Patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into patent-eligible invention.  For example, the claims are directed to the abstract idea of collecting information, and recite nothing more than conventional and commonly known components to carry out the abstract idea.

79.     In another example, the claims are anticipated and/or rendered obvious by the prior art.  The specification acknowledges that it was well-known in the art for art for "a media content item [] be streamed over a communication network from a cloud based storage system, a digital media streaming service (e.g., Pandora, Last.fm, Spotify, iTunes, iCloud, Netflix, and/or other such services)[.]" '691 Patent at 14:41-45.  Moreover, various methodologies for collecting information about user behavior were also well-known in the art, such as, e.g., U.S. Pat. Pub. 2015/0170175 (disclosing a method and system for identifying a cohort of users based on shopping behavior) and U.S. Pat. No. 7,222,106 (disclosing mechanisms for handling software license agreements, including accepting and declining license).  It would have at least been obvious to combine these technologies to render the claims of the '691 Patent invalid.

80.     In another example, the claims are invalid under 35 U.S.C. § 112 because they lack written description, are not enabled, and/or are not sufficiently definite.  For example, the specification does not reasonably convey to those skilled in the art that the inventor had possession of the following subject matter, and the specification does not describe the following so that those skilled in the art can make and use the invention without undue experimentation: "identifying the media content item by determining a media fingerprint that identifies a unique characteristic inherently present in the media content item captured during recorded creation of the media content item, and excluding information introduced to the media content item extraneous to the recorded creation; . . . retrieving the first statistics record and the second statistics record with the identity of the media content item determined by the media fingerprint; analyzing the retrieved first statistics record and the retrieved second statistics record to determine a target demographic of the media content item based on a first demographic corresponding to the first user data that accepted

to stream the media content item and a second demographic corresponding to the second user data that declined to stream the media content item."

81.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

82.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

**TWELFTH COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,885,154**

83.     Roku realleges and reincorporates by reference Paragraphs 1-82 of the Counterclaims as though set forth fully herein.

84.     Plaintiff has filed this action for patent infringement, alleging that Roku has infringed one or more claims of the '154 Patent, and that this patent is valid.

85.     Some or all of the claims of the '154 Patent, however, are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

86.     The '154 Patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into patent-eligible invention.  For example, the claims are directed to the abstract idea of collecting information, and recite nothing more than conventional and commonly known components to carry out the abstract idea.

87.     In another example, the claims are anticipated and/or rendered obvious by the prior art.  The specification acknowledges that it was well-known in the art for art for "a media content item [] be streamed over a communication network from a cloud based storage system, a digital media streaming service (e.g., Pandora, Last.fm, Spotify, iTunes, iCloud, Netflix, and/or

other such services)[.]" '154 patent at 14:41-45.  Moreover, various methodologies for collecting information for streaming services were also well-known in the art, such as, e.g., U.S. Pat. Pub. 2015/0170175 (disclosing a method and system for identifying a cohort of users based on shopping behavior) and U.S. Pat. No. 7,222,106 (disclosing mechanisms for handling software license agreements, including accepting and declining license).  It would have at least been obvious to combine these technologies to render the claims of the '154 Patent invalid.

88.     In another example, the claims are invalid under 35 U.S.C. § 112 because they lack written description, are not enabled, and/or are not sufficiently definite.  For example, the specification does not reasonably convey to those skilled in the art that the inventor had possession of the following subject matter, and the specification does not describe the following so that those skilled in the art can make and use the invention without undue experimentation: "identify the first media content item by determining a first media fingerprint that identifies a first unique characteristic inherently present in the first media content item captured during the recorded creation of first media content item, and excluding information introduced to the first media content item extraneous to the recorded creation."

89.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

90.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

**DEMAND FOR JURY TRIAL**

91.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Roku respectfully requests a trial by jury on all claims and issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Roku prays for judgment as follows on Plaintiff's Complaint and on Roku's Answer, Defenses, and Counterclaims:

A. That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing;

B. That judgment be entered in favor of Roku and against Plaintiff;

C. Adjudging and declaring that Roku has not infringed and is not infringing any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents, directly or indirectly;

D. Adjudging and declaring that all of the claims of the Patents-in-Suit are invalid;

E. That Plaintiff's conduct be declared to render this case an exceptional case;

F. That Roku be awarded its attorneys' fees in connection with this action pursuant to 35 U.S.C. § 285 and/or other applicable laws;

G. That Plaintiff be required to pay Roku's costs of suit;

H. Enjoining Plaintiff, its successors, affiliates, agents, employees, and attorneys, and those persons in active concert or participation with any of them, from directly or indirectly asserting infringement of, or instituting any further action of infringement of, the Patents-in-Suit against Roku or any of Roku's successors, assigns, agents, direct or indirect customers, partners, or suppliers; and

I. That Roku be awarded such other and further relief as the Court deems just and proper.

DATED:  March 22, 2021                    Respectfully submitted,

                                          */s/ Dustin J. Edwards*

Dustin J. Edwards (State Bar No. 24042335)
WINSTON & STRAWN LLP
800 Capitol Street, Suite 2400
Houston, TX 77002
Tel. (713) 651-2600
Fax (713) 651-2700
dedwards@winston.com

Michael A. Tomasulo (admitted *pro hac vice*)
David K. Lin (admitted *pro hac vice*)
Joe Netikosol (admitted *pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Tel. (213) 615-1700
Fax (213) 615-1750
mtomasulo@winston
dlin@winston.com
jnetikosol@winston.com

Katherine Vidal (admitted *pro hac vice*)
WINSTON & STRAWN LLP
275 Middlefield Road
Menlo Park, CA 94025
Tel. (650) 858-6500
Fax (650) 858-6550
kvidal@winston.com

**COUNSEL FOR DEFENDANT
ROKU, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on March 22, 2021, a true and correct copy of the **DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT** to the Austin Division was electronically filed with the Clerk of the Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have consented to accept service by electronic means.

*/s/ Dustin J. Edwards*
Dustin J. Edwards